IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| INCREASE EBONG ISANG | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-1761-H |
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Increase Ebong Isang, appearing *pro se*, has filed an application for writ of coram nobis pursuant to 28 U.S.C. § 1651. For the reasons stated herein, the application should be dismissed for want of prosecution.

I.

On August 30, 2005, petitioner, a native and citizen of Nigeria, filed this action challenging three federal criminal convictions and a final order of deportation.[1] On September 7, 2005, a *Spears*[2] questionnaire was sent to petitioner at the address he provided to the court. Petitioner failed to answer the questionnaire as required. A second questionnaire was mailed to petitioner at the same address on October 7, 2005. Four days later, on October 11, 2005, the unopened envelope containing the first questionnaire was returned to the clerk with the notation, "Returned to Sender. Attempted Unknown." The court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

---

[1] Petitioner was convicted of possession of stolen mail in violation of 18 U.S.C. § 1708, possessing and uttering a forged security in violation of 18 U.S.C. § 513(a), and illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) & (b)(1). As a result of one or more of those convictions, an immigration judge ordered petitioner removed to Nigeria.

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

II.

A district court has authority to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The court sent a *Spears* questionnaire to petitioner at the Department of Homeland Security detention facility in El Paso, Texas--the return address listed on the envelope in which his complaint was mailed. However, petitioner is no longer incarcerated at that facility and has not provided the court with his current address. Without this information, the court cannot communicate with petitioner and this litigation cannot proceed. Dismissal is the only option available under the circumstances. *See Blackmon v. Texas Board of Pardons and Paroles*, No. 3-04-CV-1520-N, 2004 WL 1809746 at *1 (N.D. Tex. Aug. 12, 2004) (Kaplan, J.), *rec. adopted*, 2004 WL 2049218 (N.D. Tex. Sept. 3, 2004) (dismissing complaint for failure to provide court with current address).

## RECOMMENDATION

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after

being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 20, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE